United States Courts
Southern District of Texas
FILED

MAR 21 2018

David J. Bradley, Clerk of Court

In the UNITED STATES DISTRICT COURT
For the Southern District of Texas
Corpus Christi Division

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff - Respondent § | |
| § | Case No.: 2:15 CR 00652-001 |
| v. § | |
| § | |
| JUSTIN RYAN SERNA § | |
| § | |
| Defendant - Movant § | |

## Motion to Grant Modification of the Record Relief

**Procedural History:**

In September of 2017, the Movant, JUSTIN RYAN SERNA, filed a F.R.Crim.P. 36 Motion for Modification of the Record (D.E. 54). On January 24th, 2018, this Honorable Court ordered the Respondent, UNITED STATES OF AMERICA, to respond to the motion within 30 days (D.E. 56). The Government's response was due on February 23rd, 2018. As of March 9th, 2018, the Movant has not received any motion or response that has been filed on behalf of the Respondent.

**Issue:**

The added language contained in the Movant's judgment and commitment order's "Special Conditions of Supervised Release" should be stricken.

**Rules:**

"F.R.Crim.P. Rule 36 is the appropriate vehicle for changes that do not substantially alter the orally announced sentence but instead correct [clerical] errors in the judgment. See United States v Spencer, 513 F.3d 490, 491-92 (5th Cir. 2008)." United States v Illes, 805 F.3d 607, 610 (5th Cir. 2015).

"Consequently, [ ] the oral pronouncement and the written judgment are in conflict, [therefore] **the oral pronouncement controls.** United States v Martinez, 250 F.3d 941, 942 (5th Cir. 2001)." United States v Moseby, 2017 US App LEXIS 7691 (5th Cir.)(emphasis added).

" ... Because the [written] judgment contains a special condition of supervised release that was not in the oral pronouncement of sentence, a conflict exists, and the case must be remanded for the district court to amend the written judgment to conform to the oral sentence by deleting the ... special condition." <u>United States v Gonzalez-Loya</u>, 2017 US App LEXIS 9836 (5th Cir.).

**Analysis:**

During the sentencing of the Movant, the following conditions of supervised release were orally pronounced by the court (sentencing transcript):

1. "Participate in mental health treatment programs and/or sex offender treatment programs provided by a registered sex offender treatment provider, this would include group counseling, any number of things that would fall into that category."

2. "You shall not reside, work, access or loiter within a thousand feet of school yards, parks, playgrounds or arcades that are primarily used by children unless approved in advance in writing by your probation officer."

3. "You shall not seek or maintain employment, supervise, volunteer, or participate in any program and/or activity where minors under the age of 18 would congregate, again without prior approval from your probation officer."

4. "You shall not date or cohabit with anyone who has children under the age of 18 unless approved in advance by your probation officer."

5. "You shall not view, possess or have under your control any nude depictions of children, sexually oriented or sexually stimulating material."

6. "You shall not subscribe to any internet service during the length of your supervision unless approved in advance by your probation officer."

7. "You shall have no contact with the victim or the victim's family, including letters or any other type of communication without prior approval from your probation officer."

The special conditions within the judgment and commitment are set forth at Appx. 1. Upon careful review, and comparison, of the orally pronounced sentence with those set forth in the judgment and commitment order, it is obvious that conflicts exist between the two.

**Conclusion:**

The conditions within the judgment and commitment order, that are in conflict

(2)

with the orally pronounced conditions, should be conformed to those which were orally pronounced. Therefore, the Movant respectfully requests that this Honorable Court grant his Motion for Modification of the Record Relief, pursuant to F.R.Crim.P. 36, in the interest of justice and the Movant's liberty.

Respectfully Submitted

*/s/ Justin Serna*

Justin Ryan Serna
USM# 92519 - 379
FCI Beaumont
P.O. Box 26020
Beaumont, Texas 77720-6020

Movant, Pro Se

## CERTIFICATE OF SERVICE

I, Justin Ryan Serna, declare under penalty of perjury that on the 9TH day of March, 2018, I served the following document:

### Motion to Grant Modification of the Record Relief

to the appropriate officer in charge of legal mail at the Beaumont Federal prison enclosed in a postage paid envelope to the following address:

Hector Serna
11513 Clear Creek
Corpus Christi, Texas 78410
    To be routed to:

Office of the Clerk
1133 N. Shoreline Blvd., Room 208
Corpus Christi, Texas 78401
    Via tracking no. 7017 0190 0000 7038 8214

One Shoreline Plaza South Tower
ATTN: Hugo Martinez
800 N. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
    Via tracking no.: _____

Justin Ryan Serna

Witness: GARY GEORGE

Witness: Keith J. McGee

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3C -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT: JUSTIN RYAN SERNA
CASE NUMBER: 2:15CR00652-001

# SPECIAL CONDITIONS OF SUPERVISION

**SEX OFFENDER REGISTRATION:** The defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision and the defendant shall register with the sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information required by the state sex offender registration agency and may direct the defendant to report to that agency personally for additional processing, such as photographing and fingerprinting.

**SEX OFFENDER/MENTAL HEALTH COUNSELING:** The defendant shall participate in a mental health treatment program and/or sex offender treatment program provided by a Registered Sex Offender Treatment Provider, which may include but not be limited to group and/or individual counseling sessions, Abel Screen, polygraph testing and/or psycho-physiological testing, including but not limited to plethysmograph testing, to assist in treatment and case monitoring administered by the sex offender contractor or their designee. Further, the defendant shall participate as instructed and shall abide by all policies and procedures of the sex offender program, until such time as the defendant is released from the program. The defendant will incur costs associated with such sex offender treatment program and testing, based on ability to pay as determined by the United States Probation Officer. The defendant shall waive his/her right of confidentiality in any records for mental health treatment imposed as a consequence of this judgment to allow the supervising United States Probation Officer to review the defendant's course of treatment and progress with the treatment provider. If requested by the mental health provider, the Court authorizes the United States Probation Officer to provide pertinent information from the presentence investigation report and any information available from mental health evaluations that are in the possession of the probation officer.

**OTHER:** The defendant shall not reside, work, access, or loiter within 1,000 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18, or where children may frequently congregate, unless approved in advance in writing by the United States Probation Officer.

**OTHER:** The defendant shall not seek or maintain employment, supervise, volunteer, or participate in any program and/or activity where minors under the age of 18 would congregate, without prior written approval of the United States Probation Officer. This would include athletic, religious, volunteer, civic, or cultural activities designed for minors under the age of 18.

**OTHER:** The defendant shall not date or cohabit with anyone who has children under the age of 18, unless approved in advance in writing by the United States Probation Officer.

**OTHER:** The defendant shall not view, possess or have under his control, any nude depictions of children, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is the primary source of business. The defendant shall not utilize any sex-related telephone numbers.

**OTHER:** The defendant shall not subscribe to any computer online service, nor shall the defendant access any Internet service during the length of his/her supervision, unless approved in advance in writing by the United States Probation Officer. The defendant may not possess Internet capable software on any hard drive, disk, floppy disk, compact, disk, DVD, diskette, magnetic tape, or any other electronic storage media, unless specifically approved in advance in writing by the United States Probation Officer.

**OTHER:** The defendant shall have no contact with the victims, or the victims' family, including letters, communication devices, audio or visual devices, visits, or any contact through a third party, without prior written consent of the United States Probation Officer.

☐ See Additional Special Conditions of Supervision.

APPX. 1

Case 2:15-cr-00652 Document 58 Filed on 03/21/18 in TXSD Page 6 of 6




Hector Beran
11513 Clear Creek Dr.
Corpus Christi, TX 78410

U.S. POSTAGE PAID
CORPUS CHRISTI, TX
78410
MAR 19 18
AMOUNT
$5.45
R2305M149534-04

7017 0190 0000 7038 8214

United States Courts
Southern District of Texas
FILED
MAR 21 2018
David J. Bradley, Clerk of Court

Office of the Clerk
1133 N. Shoreline Blvd., Room 208
Corpus Christi, TX 78401