United States District Court
Southern District of Texas

**ENTERED**

April 25, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     **Plaintiff/Respondent,** | § | |
| | § | |
|     v. | § | **Criminal. No. 2:15-652** |
| | § | |
| JUSTIN RYAN SERNA, | § | |
|     **Defendant/Petitioner.** | § | |

## ORDER

Pending before the Court is Defendant/Movant Justin Ryan Serna's (Serna) Motion for Modification of the Record (D.E. 54), to which the Government has responded (D.E. 57).

Serna pled guilty to sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), (e) after he persuaded a 16 year old to send him sexually explicit photographs via text message. He was sentenced to 180 months' imprisonment, to be followed by 10 years' supervised release. Serna challenges Special Conditions 2 and 7 of his supervised release on the grounds that they are broader than the conditions orally pronounced at sentencing. Serna requests reformation of the written Judgment to conform to the orally pronounced judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure.[1] The Government opposes Serna's request for relief.

At sentencing, the Court orally pronounced sentence in part as follows:

> Now, while you're on supervision, as I
> mentioned, there are certain rules and regulations that have
> been adopted by this Court that you must follow, but I am
> going to impose some special conditions in addition to our
> standard conditions, and I will touch on them at that time
> without going into great detail about each individual
> provision.
> There will obviously be a requirement that you
> register as a sex offender as required by law. *I am going to*

---

1. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36.

*order that you participate in mental health treatment*
*programs and/or sex offender treatment programs provided by a*
*registered sex offender treatment provider. This would*
*include group counseling, any number of things that would*
*fall into that category.*
Mr. Serna, you shall not reside, work, access
or loiter within a thousand feet of school yards, parks,
playground or arcades that are primarily used by children
unless approved in advance in writing by your probation
officer.
You shall not seek or maintain employment,
supervise, volunteer or participate in any program and/or
activity where minors under the age of 18 would congregate,
again without prior approval of your probation officer. You
shall not date or cohabit with anyone who has children under
the age of 18 unless approved in advance by your probation
officer, and you shall not view, possess or have under your
control any nude depictions of children, sexually oriented or
sexually stimulating materials.
*You shall not subscribe to any computer online*
*service nor shall you access any internet service during the*
*length of your supervision unless approved in advance by your*
*probation officer*, and you shall have no contact with the
victims or the victim's family, including letters or any
other type of communication without prior approval of your
probation officer.

D.E. 50, pp. 20-21 (emphasis added). The Court's written Judgment included the following

challenged Special Conditions:

<u>SEX OFFENDER/MENTAL HEALTH COUNSELING</u>: The defendant shall
participate in a mental health treatment program and/or sex offender treatment
program provided by a Registered Sex Offender Treatment Provider, which may
include but not be limited to group and/or individual counseling sessions, *Abel*
*Screen, polygraph testing and/or psycho-physiological testing, including but not*
*limited to plethysmograph testing, to assist in treatment and case monitoring*
*administered by the sex offender contractor or their designee. Further, the*
*defendant shall participate as instructed and shall abide by all policies and*
*procedures of the sex offender program, until such time as the defendant is*
*released from the program. The defendant will incur costs associated with such*
*sex offender treatment program and testing, based on ability to pay as*
*determined by the United States Probation Officer. The defendant shall waive*
*his/her right of confidentiality in any records for mental health treatment*
*imposed as a consequence of this judgment to allow the supervising United*
*States Probation Officer to review the defendant's course of treatment and*

2

> *progress with the treatment provider. If requested by the mental health*
> *provider, the Court authorizes the United States Probation Officer to provide*
> *pertinent information from the presentence investigation report and any*
> *information available from mental health evaluations that are in the*
> *possession of the probation officer.*

D.E. 33, p. 4 (emphasis added to identify the portions Serna challenges). Serna complains that

everything in italics relating to treatment imposes a different and greater burden than pronounced

by the Court at sentencing. Serna also complains that the limitation on internet access imposed

by the Judgment is greater than the Court's oral pronouncement:

> OTHER: The defendant shall not subscribe to any computer online service, nor
> shall the defendant access any Internet service during the length of his/her
> supervision, unless approved in advance in writing by the United States
> Probation Officer. *The defendant may not possess Internet capable software on*
> *any hard drive, disk, floppy disk, compact, disk, DVD, diskette, magnetic tape,*
> *or any other electronic storage media, unless specifically approved in advance*
> *in writing by the United States Probation Officer*.

*Id.* (emphasis added to identify the portion Serna challenges). The Court adopted the Presentence

Investigation Report (PSR) as the findings of the Court.

The Sentencing Guidelines Manual recommends special conditions of treatment and

monitoring for sex offenders, and recommends limiting computer or "interactive computer

service in cases in which the defendant used such items." U.S.S.G. § 5D1.3(d)(7)(A),(B).

At sentencing, the Court advised Serna that he would be required to participate in mental

health and/or sex offender treatment that could include individual and group therapy and "any

number of other things that would fall into that category." Serna complains he had no opportunity

to object to the "other things" because they were not spelled out by the Court.

Although ordinarily a written judgment is required to conform to its oral pronouncement,[2]

there are exceptions. "As a general rule, standard conditions [of supervised release] need not be

orally pronounced." *United States v. Huor*, 852 F.3d 392, 404 (5th Cir. 2017). Furthermore,

"[u]nder appropriate circumstances, however, special conditions may be 'as standard as' the standard conditions." *United States v. Babineaux*, 493 Fed. App'x 485, 488 (5th Cir. 2012) (per curiam) (unpublished). When a judgment includes conditions that are mandatory, standard, or recommended by the Sentencing Guidelines, it does not conflict with an oral pronouncement that does not include the condition, but instead clarifies the condition. *See United States v. Torres-Aguilar*, 352 F.3d 934, 937 (5th Cir. 2003) (special condition prohibiting possession of a dangerous weapon did not have to be orally stated).

The two conditions Serna challenges were stated in abbreviated form by the Court at sentencing. Both are special conditions recommended by the Guidelines in every sex offense. The Court finds that the challenged Special Conditions imposed in the written Judgment do not conflict with the oral Judgment based upon *Torres-Aguilar* and *Babineaux*, but instead create an ambiguity that can be resolved by the record.

The Court stated at the time of sentencing that the mental health/sex offender treatment would include things other than as specified. The PSR recommended both sex offender treatment and counseling as well as internet restrictions. The Guidelines also recommend sex offender treatment and counseling. Accordingly, the Judgment made explicit the potentially ambiguous parameters of the mental health/or sex offender treatment. The same is true for the internet restrictions. The Court stated that Serna was prohibited from using the internet at sentencing. The written Judgment specified that Serna's limitation extended to specific items with internet capability, which delineated the scope of his restriction in a particularized fashion to remove any ambiguity.

In *United States v. Tang*, 718 F.3d 476, 485 (5th Cir. 2013), the Fifth Circuit held that a challenge to the more invasive forms of sex offender treatment was premature because such

---

2.  *See United States v. Dyer*, 685 Fed. App'x 329, 329-30 (5th Cir. 2017) (per curiam) (unpublished).

treatment was permissible but not required based upon the language of the Judgment. The Fifth Circuit held that Tang could petition the Court for modification of the treatment condition if invasive physiological testing was ordered by the treatment provider. *Id.* The Court similarly finds that Serna's objection to the more invasive *potential* sex offender treatment is premature. Should it be recommended at a later date, Serna may petition the Court at that time.

For the reasons stated, Serna's Motion for Modification of the Record (D.E. 54) is **DENIED**.

So **ORDERED** this **29**ᵗʰ day of ___*April*___, 2018.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE